**Electronically Filed
Supreme Court
SCAP-17-0000482
27-JUL-2018
08:16 AM**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

KALAELOA VENTURES, LLC,
Appellant-Appellant,

vs.

CITY AND COUNTY OF HONOLULU,
Appellee-Appellee.

SCAP-17-0000482

APPEALS FROM THE TAX APPEAL COURT
(CAAP-17-0000482, CAAP-17-0000483, CAAP-17-0000484, CAAP-17-0000485, CAAP-17-0000486, CAAP-17-0000487, CAAP-17-0000488, CAAP-17-0000489, CAAP-17-0000490, CAAP-17-0000491, CAAP-17-0000492, CAAP-17-0000493, CAAP-17-0000494, and CAAP-17-0000495)

(TX NOS. 17-1-0203, 17-1-0204, 17-1-0205, 17-1-0206, 17-1-0207, 17-1-0208, 17-1-0209, 17-1-0210, 17-1-0211, 17-1-0212, 17-1-0214, 17-1-0215, 17-1-0216, and 17-1-0217)

JULY 27, 2018

RECKTENWALD, C.J., NAKAYAMA, McKENNA, POLLACK, AND WILSON, JJ.

OPINION OF THE COURT BY POLLACK, J.

## I.    INTRODUCTION

This case arises from the Tax Appeal Court of the

State of Hawaii's dismissal of fourteen appeals of real property

tax assessments as untimely filed. The notices of appeal were filed on Tuesday, January 17, 2017--the next business day following the January 15 deadline set by a county real property tax ordinance. The tax court dismissed the appeals, reasoning that the county ordinance superseded the "weekend rule" established by Hawaiʻi state law, which typically extends legal deadlines that would otherwise fall on a weekend or holiday to the following business day. Although the January 15, 2017 appeal deadline fell on a Sunday and was immediately followed by a State holiday, the tax court found that strict adherence to the deadline was required. We conclude that the tax court erred in determining that the timeliness of the appeal was determined by county ordinance and not state law.

## II. FACTS AND PROCEDURAL HISTORY

In 2015, the City Council of the City and County of Honolulu (the City) passed Bill 39 FD1 to amend Revised Ordinance of Honolulu (ROH) § 8-1.16 (1990) to add an exception to the provision's general rule extending legal deadlines falling on weekends and holidays to the following business day. The addition provided that "[n]otwithstanding the foregoing, the due date for any appeal shall comply with the jurisdictional requirements set forth in the law establishing the right to appeal." (Emphasis added.)

2

On December 19, 2016, Kalaeloa Ventures, LLC (KV) received notices of real property tax assessments (Assessment Notices) from the City for fourteen parcels. Page 2 of each notice stated under "Important Dates to Remember" that the deadline for filing appeals was "January 15 (on or before)." The Assessment Notices further provided that the assessments could be appealed to the City's board of review or the Tax Appeal Court of the State of Hawai'i (tax court). Appeals to the board of review, it noted, could be filed online, and the "[d]eadline to file is on or before January 15, 2017. Any appeals submitted after January 15, 2017 will be subject to dismissal." (Emphasis omitted.) Regarding appeals to the tax court, the Assessment Notices provided as follows: "Appeals to the Tax Appeal Court are filed at 777 Punchbowl Street, 1st Floor, Honolulu, Hawaii, 96813, on or before January 15 preceding the tax year."

January 15, 2017, was a Sunday, and January 16, 2017, was Martin Luther King Jr. Day, a state holiday. The tax court clerk's office was closed on both dates. On January 17, 2017, KV filed a notice of appeal to the tax court for each of the

fourteen parcels (collectively, Notices of Appeal) challenging the City's Assessment Notices.[1]

## A.    City's Motions to Dismiss, or in the Alternative, Motions for Summary Judgment

The City filed a "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" for each of KV's Notices of Appeal (collectively, the City's Motion).  The City requested that the tax court dismiss KV's Notices of Appeal with prejudice pursuant to Rule 12(b)(1) of the Hawaiʻi Rules of Civil Procedure (HRCP), or, alternatively, grant summary judgment pursuant to HRCP Rule 56 for lack of subject matter jurisdiction.

The City argued that KV did not timely file the Notices of Appeal on or before January 15, 2017, as required by ROH § 8-12.1(a)[2] and Hawaii Revised Statutes (HRS) § 232-16.[3]

---

[1]    The merits of the grounds set forth in KV's Notices of Appeal are not at issue in this appeal.

[2]    ROH § 8-12.1(a) (1997) provides as follows:

Any taxpayer or owner who may deem himself or herself aggrieved by an assessment made by the director or by the director's refusal to allow any exemption, may appeal from the assessment or from such refusal to the board of review or the tax appeal court pursuant to HRS Section 232-16 on or before January 15th preceding the tax year, as provided in this article.

[3]    HRS § 232-16(a) (2017) provides in part as follows: "An appeal to the tax appeal court is properly commenced by filing, on or before the date fixed by law for the taking of the appeal, a written notice of appeal in the office of the tax appeal court."

Anticipating KV's counterarguments, the City contended that HRS § 1-32,[4] one of the statutory "weekend rules" allowing acts that are legally required to be performed on a particular date to be done the next business day when the specified day is a Sunday or a holiday, does not apply to filing real property tax assessment appeals. The 2015 amendment of ROH § 8-1.16 excluded these appeals from the weekend rule's operation, the City argued. The amended ordinance made the deadline for perfecting appeals mandatory, the City asserted, and it thus could not be extended by the weekend rule.

In addition, the City submitted that, where a conflict between specific and general statutes cannot be resolved in pari materia, the county ordinances dealing specifically with the deadline for real property tax assessment appeals--ROH §§ 8-12.1(a) and 8-1.16--must prevail over the general weekend rule.

---

[4]    HRS § 1-32 (2009) provides as follows:

Whenever any act of a secular nature other than a work of necessity or mercy is appointed by law or contract to be performed upon a particular day, which day falls upon a Sunday or holiday, the act may be performed upon the next business day with the same effect as if it had been performed upon the appointed day. When so provided by the rules of court, the act also may be performed upon the next business day with the same effect as if it had been performed upon the appointed day if the appointed day falls on a Saturday.

5

The City also asserted that article VIII, section 3 of the Hawaiʻi Constitution[5] broadly grants counties the exclusive authority over functions, powers, and duties relating to the taxation of real property, including the authority to set filing deadlines and any procedures relating to the filing of real property tax assessment appeals, so long as those deadlines and procedures do not violate the state or federal constitution. The City concluded that KV's Notices of Appeal were untimely executed, filed, and served, and therefore the tax court lacked subject matter jurisdiction to hear the appeals.

KV opposed the City's Motion, contending that the date for filing the Notices of Appeal extended to January 17, 2017, because HRS § 1-29,[6] the weekend rule that sets forth the method

---

[5]     Article VIII, section 3 of the Hawaiʻi Constitution provides as follows:

> The taxing power shall be reserved to the State, except so much thereof as may be delegated by the legislature to the political subdivisions, and except that all functions, powers and duties relating to the taxation of real property shall be exercised exclusively by the counties, with the exception of the county of Kalawao. The legislature shall have the power to apportion state revenues among the several political subdivisions.

(Emphasis added.)

[6]     HRS § 1-29 (2009) provides as follows:

> The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last day is a Sunday or holiday and then it is

(continued . . .)

6

for computing deadlines, excludes Sundays and holidays from the computation of time.  Under this court's precedent, KV argued, the City's constitutional authority has not been interpreted to broadly extend to setting filing deadlines and any procedures related to real property tax assessment appeals.  KV also asserted that the tax court's subject matter jurisdiction derived from HRS § 232-11.[7]  Based on precedent, the City did not have authority to expand or limit the jurisdiction of the tax court beyond that provided by state statute, KV contended.

KV alternately argued that, because statutes related to the same subject matter must be construed together, statutes establishing filing deadlines must be read in conjunction with HRS § 1-29.  KV added that statutory deadlines must be interpreted in a manner that achieves the intent of the legislature to provide a meaningful opportunity to appeal.

_____

(. . . continued)

> also excluded.  When so provided by the rules of court, the last day also shall be excluded if it is a Saturday.

[7]     HRS § 232-11 (2017), "Court of record; general duties, powers, seal," provides in relevant part as follows:

> The tax appeal court shall hear and determine appeals as provided in section 232-16 or 232-17.  It shall be a court of record; have jurisdiction throughout the State with respect to matters within its jurisdiction; and shall have the power and authority in the manner provided in section 232-13, to decide all questions of fact and all questions of law, including constitutional questions, involved in any such matters, without the intervention of a jury.

In reply, the City rejected KV's argument that ROH § 8-1.16 may be interpreted as allowing application of the weekend rule, contending that the ordinance provides specificity in regard to the appeal filing deadline. The City submitted that, because HRS § 1-32 conflicts with ROH § 8-1.16, the former does not apply here.

### B.    Tax Court Hearing and Order

On May 1, 2017, the City's Motion came on for hearing before the tax court.[8] The tax court consolidated the Notices of Appeal for purposes of the hearing and granted the City's request for the matter to be considered only as a motion to dismiss and not as a motion for summary judgment. The tax court stated that the dispositive issue in the case was whether the City had the constitutional authority to negate the weekend rule by ordinance as it relates to real property tax assessment appeals. Construing ROH § 8-12.1 together with ROH § 8-1.16, the tax court noted that the City was "emphatic" that all appeals must be filed on or before "and not after January 15."

The tax court likened the case to State ex rel. Anzai v. City and County of Honolulu, 99 Hawaiʻi 508, 57 P.3d 433 (2002), which it interpreted "as providing or recognizing the superiority of the counties' interest in real property tax."

---

[8]    The Honorable Gary Wong Bae Chang presided.

8

Accordingly, the tax court explained that it "recognizes the constitutional principle of the superior power of the City to address matters of real property tax," noting that the counties do not have uniform appeals deadlines, "so there appears to be at least some variation in terms of a county or the City's interest in setting their real property tax deadlines."

The tax court concluded that ROH § 8-1.16 negated the statewide weekend rule as it applied to tax appeals because the Hawaiʻi Constitution grants exclusive authority to the counties over real property tax assessments.  Therefore, the tax court held that KV's Notices of Appeal were untimely and that the court lacked subject matter jurisdiction over the cases.  On May 30, 2017, the tax court entered orders granting the City's Motion as to each of KV's Notices of Appeal and dismissed the appeals with prejudice for lack of subject matter jurisdiction.

KV timely filed a notice of appeal from the tax court's order granting the City's motion to dismiss, and the case was subsequently transferred to this court.

### III. STANDARDS OF REVIEW

The interpretation of municipal ordinances "is a question of law reviewable de novo."  Weinberg v. City & Cty. of Honolulu, 82 Hawaiʻi 317, 322, 922 P.2d 371, 376 (1996) (citation omitted).

9

This court "answer[s] questions of constitutional law by exercising our own independent judgment based on the facts of the case."  State v. Aplaca, 96 Hawaiʻi 17, 22, 25 P.3d 792, 797 (2001) (quoting State v. Jenkins, 93 Hawaiʻi 87, 100, 997 P.2d 13, 26 (2000)).  Thus, "questions of constitutional law are reviewed on appeal 'under the "right/wrong" standard.'"  Id. (quoting Jenkins, 93 Hawaiʻi at 100, 997 P.2d at 26).

## IV.  DISCUSSION

KV's first two points of error on appeal contend that the tax court erred in concluding that the City had constitutional authority to negate the statutory weekend rule by ordinance as it applies to real property tax assessment appeals, thereby rendering the Notices of Appeal untimely filed.[9]  The City responds that ROH § 8-1.16 does not restrict the jurisdiction of the tax court granted by HRS § 232-11 because ROH § 8-1.16 simply establishes that the weekend rule applies to only certain filings that do not include appeals.  Nonetheless, the City argues, even if ROH § 8-1.16 does negate HRS §§ 1-29 and 1-32, the City has the authority to restrict the subject matter jurisdiction of the tax court as it relates to real property tax assessment appeals because the Hawaiʻi Constitution

_____

[9]  In light of our disposition of the appeal in this case, we find it unnecessary to address KV's other points of error.

10

broadly confers all functions, powers, and duties related to real property tax assessment upon the counties.  It is thus within the City's constitutional authority, the City argues, to negate HRS §§ 1-29 and 1-32 by ordinance insofar as the statutes apply to real property tax assessment appeals.[10]

As stated, the City amended ROH § 8-1.16 in 2015 to read as follows:

> When the due date for any notice, application, document or remittance required by this chapter falls on a Saturday, Sunday or legal holiday, the notice, application, document or remittance shall not be due until the next succeeding day which is not a Saturday, Sunday or legal holiday. Notwithstanding the foregoing, the due date for any appeal shall comply with the jurisdictional requirements set forth in the law establishing the right to appeal.

ROH § 8-1.16 (2015) (pertinent amendment underlined).

This court has held that "the right to appeal a tax assessment is purely statutory."  Univ. of Haw. v. City & Cty.

_____

[10]     The Attorney General of the State of Hawaiʻi submitted an amicus curiae brief on behalf of the State because the City has "drawn into question" the constitutionality of HRS §§ 1-29 and 1-32.  The State frames KV's appeal as a challenge to whether the City has constitutional authority to limit the tax court's jurisdiction over real property tax assessment appeals by negating application of the statutory weekend rule as it relates to real property tax assessment appeals.  The City does not have that authority, the State contends, because the state legislature is constitutionally empowered to establish the subject matter jurisdiction of the tax court.  (Citing Haw. Const. arts. III, VI.)

        The State argues further that even if this court finds that the counties were granted authority over real property tax assessment appeals to the tax court through article VIII, section 3 of the Hawaiʻi Constitution, that authority is limited by the reservation of power to the legislature to enact statutes of statewide concern in article VIII, section 6 of the Hawaiʻi Constitution.  Because HRS §§ 1-29 and 1-32 are statutes of statewide concern, the State contends, ROH § 8-1.16 is preempted insofar as it conflicts with them.  We do not find it necessary to address this argument.

of Honolulu, 102 Hawaiʻi 440, 444, 77 P.3d 478, 482 (2003).  HRS § 232-16(a) (2017)[11] establishes the right to appeal to the tax court, specifically providing that "[a] taxpayer . . . may appeal directly to the tax appeal court."[12]  Indeed, the ROH expressly recognize HRS § 232-16 as a statute governing appeals to the tax court by stating, "An appeal to the tax appeal court may be filed by a taxpayer or the director as provided in HRS Sections 232-8 through 232-14 and Sections 232-16 through 232-18."  ROH § 12.8(a) (1983).

---

[11]     HRS § 232-16(a) provides in relevant part as follows:

> A taxpayer or county may appeal directly to the tax appeal court . . . An appeal to the tax appeal court is properly commenced by filing, on or before the date fixed by law for the taking of the appeal, a written notice of appeal in the office of the tax appeal court and by service of the notice of appeal on the director of taxation and, in the case of an appeal from a decision involving the county as a party, the real property assessment division of the county involved.  An appealing taxpayer shall also pay the costs in the amount fixed by section 232-22.

(Emphasis added.)

[12]     HRS § 232-16 is part of HRS Chapter 232, which generally sets forth the statutes governing tax appeals to the tax court, the state boards of review, and a small claims court within the tax court.  See generally HRS Chapter 232.  The chapter comprehensively provides for the judicial functions of the tax court.  HRS § 232-11, inter alia, establishes that the tax court shall be a court of record and that it has the power to hear and determine appeals as provided in HRS § 232-16.  HRS § 232-11 (2017).  HRS § 232-14(a) (2017) provides, inter alia, that the Supreme Court of Hawaiʻi shall have the power to make rules relating to procedure in tax appeals and other process by the tax appeal court.  HRS Chapter 232 establishes two methods for challenging property assessments: appeals to a state or county board of review and appeals to the tax court.  HRS §§ 232-15, 232-17 (2017).

HRS § 232-16 also sets forth requirements for when and how appeals to the tax court will be taken, including the required contents of a notice of appeal, the cost for filing an appeal,[13] and the appropriate timeframe within which an appeal may commence. "An appeal to the tax appeal court is properly commenced by filing, on or before the date fixed by law for the taking of the appeal[.]" HRS § 232-16(a). HRS § 232-16(d) (2017) states that an appeal "shall be deemed to have been taken in time if . . . the notice shall have been deposited in the mail . . . on or before the date fixed by law for the taking of the appeal."

Pursuant to HRS § 232-16, the counties have by ordinance set the date to take an appeal from a real property tax assessment.[14] The City provided for such a date in ROH § 8-12.1, which provides in pertinent part as follows:

> Any taxpayer or owner who may deem himself or herself aggrieved by an assessment made by the director or by the

---

[13] HRS § 232-16 cross-references HRS § 232-22, which provides, "The nonrefundable costs to be deposited in any one case per taxpayer on any appeal to the tax appeal court shall be an amount set pursuant to rules adopted by the supreme court, which shall not exceed $100." HRS § 232-22 (2017).

[14] For example, Maui County requires appeals to be filed with its board of review prior to being heard by the tax appeal court. Maui County Code § 3.48.595 (2014). Appeals must be filed on or before April 9 preceding the tax year. Id. Hawai'i County also requires appeals to be filed on or before April 9 preceding the tax year. Hawai'i County Code § 19-91 (2016). Kaua'i County requires appeals to be filed with the tax court on or before December 31 preceding the tax year. Kaua'i County Code § 5A-12.1 (2011).

> director's refusal to allow any exemption, may appeal from
> the assessment or from such refusal to the board of review
> or the tax appeal court pursuant to HRS Section 232-16 on
> or before January 15th preceding the tax year, as provided
> in this article.

ROH § 8-12.1(a) (1997) (emphasis added).  Therefore, HRS § 232-16's "date fixed by law" as it relates to appeals of City real property tax assessments is "on or before January 15th preceding the tax year."  See HRS § 232-16; ROH § 8-12.1.

In HRS Chapter 1 Title 1, the chapter pertaining to the construction of laws and common law, the legislature provided for extending deadlines when a date fixed by law on which an action must be performed falls on a non-business day-- that is, a Sunday, holiday, or, when provided for by court rules, a Saturday.  See HRS §§ 1-29, 1-32 (2009).  HRS § 1-29 provides that when computing the time in which any act provided by law is to be done, the last day is included in the computation of time unless it is a Sunday or a holiday:

> The time in which any act provided by law is to be done is
> computed by excluding the first day and including the last,
> unless the last day is a Sunday or holiday and then it is
> also excluded.  When so provided by the rules of court, the
> last day also shall be excluded if it is a Saturday.

HRS § 1-29.  HRS § 1-32 correspondingly provides that any act that is appointed by law to occur on a Sunday or a legal holiday may be done with the same effect on the next business day following the Sunday or legal holiday:

> Whenever any act of a secular nature other than a work of
> necessity or mercy is appointed by law or contract to be
> performed upon a particular day, which day falls upon a
> Sunday or holiday, the act may be performed upon the next

14

> business day with the same effect as if it had been
> performed upon the appointed day.  When so provided by the
> rules of court, the act also may be performed upon the next
> business day with the same effect as if it had been
> performed upon the appointed day if the appointed day falls
> on a Saturday.

HRS § 1-32.  HRS §§ 1-29 and 1-32 by their plain language thus encompass all possible acts appointed by law to be done on a particular day.  Cf. Allstate Ins. Co. v. Pruett, 118 Hawaiʻi 174, 181, 186 P.3d 609, 616 (2008) ("[B]y itself, the term 'any person,' 'encompass[es] every possible individual . . . .'" (second alteration in original) (citation omitted)).

As noted, HRS § 232-16 provides that an appeal from a real property tax assessment must be filed by the "date fixed by law," which, pursuant to ROH § 8-12.1, is "on or before January 15th preceding the tax year."  Therefore, HRS §§ 1-29 and 1-32 by their plain terms apply to the City's "date fixed by law" for filing real property tax appeals as prescribed in ROH § 8-12.1.

Accordingly, when the City's date fixed by law--January 15 preceding the tax year--falls on a Sunday or a holiday, an appeal may be filed with the tax court on the next business day with the same effect as if it had been filed upon the "appointed day."  See HRS §§ 1-29, 1-32, 232-16.  In this case, KV's Notices of Appeal were filed on Tuesday, January 17, 2017, which was the next business day after Sunday, January 15,

and the holiday on Monday, January 16.  Thus, pursuant to HRS §§ 1-29 and 1-32, KV's Notices of Appeal were timely filed.[15]

The City argues, however, that it has the constitutional authority to determine the tax court's jurisdiction by excluding real property tax assessment appeals to the tax court from application of the weekend rule.  This authority, according to the City, is derived from article VIII, section 3 of the Hawaiʻi Constitution, which provides the following:

> Section 3.  The taxing power shall be reserved to the State, except so much thereof as may be delegated by the legislature to the political subdivisions, and except that all functions, powers and duties relating to the taxation of real property shall be exercised exclusively by the counties, with the exception of the county of Kalawao.  The legislature shall have the power to apportion state revenues among the several political subdivisions.

---

[15]     Citing Kinkaid v. Board of Review of the City & County of Honolulu, 106 Hawaiʻi 318, 323-24, 104 P.3d 905, 910-11 (2004), the City contends that ROH § 8-1.16 must prevail because it is a "specific" statute, unlike HRS §§ 1-29 and 1-32 which are of general concern, and the ordinance and statutes cannot be resolved in pari materia.  However, Kinkaid dealt with a conflict between two state statutes of coequal authority--HRS § 232-17, establishing the right to appeal to the tax court from a decision of a state or county board of review, and HRS § 91-14(a), granting a right of appeal to the circuit court from a state or county board of review decision.  Kinkaid, 106 Hawaiʻi at 323, 104 P.3d at 910.  By contrast, here a county ordinance is in conflict with a state statute.  Under such circumstances, the appropriate analysis is one of sovereign preemption--and not the reconciliation of a specific statute with a general statute--because HRS §§ 1-29 and 1-32 are statutes of statewide concern that take precedence over the enactments of the State's political subdivisions.  See Richardson v. City & Cty. of Honolulu, 76 Hawaiʻi 46, 66, 868 P.2d 1193, 1213 (1994) ("Thus, if an ordinance truly conflicts with Hawaiʻi statutory law that is of statewide concern, then it is necessarily invalid because it violates article VIII, section 6 of the Hawaiʻi Constitution and HRS § 50-15--the state's supremacy provisions.").  Kinkaid is therefore inapposite.

Haw. Const. art. VIII, § 3 (emphases added).

"In interpreting constitutional provisions, '[t]he general rule is that, if the words used in a constitutional provision . . . are clear and unambiguous, they are to be construed as written.'" Everson v. State, 122 Hawai'i 402, 407, 228 P.3d 282, 287 (2010) (alterations in original) (quoting Watland v. Lingle, 104 Hawai'i 128, 139, 85 P.3d 1079, 1090 (2004)). Here, article VIII, section 3 does not provide the City with authority to define the jurisdiction of the tax court when the tax court exercises its judicial power to review real property tax assessments imposed by the City. This judicial power is derived from article VI, section 1 of the Hawai'i Constitution, which establishes the power of the judiciary:

> Section 1. The judicial power of the State shall be vested in one supreme court, one intermediate appellate court, circuit courts, district courts and in such other courts as the legislature may from time to time establish. The several courts shall have original and appellate jurisdiction as provided by law and shall establish time limits for disposition of cases in accordance with their rules.[16]

Haw. Const. art. VI, § 1 (emphasis added). This constitutional provision does not provide an exception allowing the City to

---

[16] Article III, section 1 of the Hawai'i Constitution vests legislative power of the State in a legislature, which extends to "all rightful subjects of legislation not inconsistent" with the federal and state constitutions, including the authority to establish the subject matter jurisdiction of the courts under article VI, section 1.

define the state tax court's jurisdiction whenever it considers appeals of real property tax assessments.

In addition, article VIII of the Hawaiʻi Constitution, entitled "Local Government," provides in section 6, "This article shall not limit the power of the legislature to enact laws of statewide concern." Haw. Const. art. VIII, § 6. Thus, article VIII reserves the State legislature's power to enact laws of statewide concern even where powers, functions, and duties have been given to the counties. The tax court, which is established by statute, is a statewide court, and therefore its jurisdiction is inherently a matter of statewide concern.

Even assuming an ambiguity exists in these constitutional provisions, this court has "repeatedly held that the fundamental principle in construing a constitutional provision is to give effect to the intention of the framers and the people adopting it." Everson, 122 Hawaiʻi at 407, 228 P.3d at 287 (quoting Pray v. Judicial Selection Comm'n of the State of Haw., 75 Haw. 333, 343, 861 P.2d 723, 728 (1993)). In determining the intention of the framers and the people adopting the constitution, this court may look to constitutional history and the legislative implementation of the constitutional amendment. Id.

18

The constitutional history of article VIII, section 3 indicates that the Local Government Committee preferred the provision's current language--granting the counties power over "all functions, powers and duties relating to the taxation of real property"--over the amendment's original proposed language, which afforded counties "the power to levy a tax on real property."  The report of the Committee of the Whole indicates the change was made in order to "clarify the [Local Government] standing committee's intent to grant all taxing powers relating to real property to the counties."  Comm. of the Whole Rep. No. 7, in 1 Proceedings of the Constitutional Convention of Hawaiʻi of 1978, at 1008 (1980).  Although the Local Government Committee expressed in its standing committee report that a general grant of taxing powers to the counties would include the (presumably administrative) adjudication of appeals,[17] there is

---

[17]    The Local Government Committee Report states in relevant part as follows:

> Presently, under the Hawaii Revised Statutes, the State is responsible for assessing all real property in the State that is subject to the payment of real property taxes, and for levying and collecting all such taxes, and adjudicating taxpayer appeals.  Basic policies defining real property, setting the basis of assessment, determining the manner in which rates are set, setting exemptions and describing the appeals process are the responsibility of state lawmakers. . . . A general grant of taxing powers to the counties would include: a) assessments of property, b) adjudications of appeals, c) levying of tax rates, d) collections of taxes and e) formulation of basic policies.

(continued . . .)

no indication--and the City does not argue--that the authority was meant to divest the state tax court of its then-existing jurisdiction over real property tax appeals.[18]  In short, there is nothing in the Local Government Committee's standing report, the committee report of the Committee of the Whole, or the final language adopted in article VIII, section 3 of the Hawaiʻi Constitution to suggest the provision was intended to allow the counties to limit the state tax court's jurisdiction over real property tax appeals at their discretion.

The framers also provided for a period of transition in article XVIII, section 6 of the Hawaiʻi Constitution as authority over real property taxation transferred from the State to the counties.  This provision provided that article VIII,

--------

(. . . continued)

Stand. Comm. Rep. No. 42, in 1 Proceedings of the Constitutional Convention of Hawaiʻi of 1978, at 594-95 (1980).  When the constitutional amendment was drafted, the two venues for adjudicating real property tax assessment appeals were state boards of review and the tax court.  HRS § 232-15 (1967); HRS § 232-16 (1963).  While the ultimate authority to review tax appeals has remained with the State, HRS § 232-16(a) now provides "that a taxpayer appealing a real property tax assessment shall first obtain a decision from an administrative body established by county ordinance, prior to appealing to the tax appeal court, if county ordinance requires a taxpayer to do so."

[18]    Notwithstanding its argument that the counties were constitutionally granted exclusive authority over matters pertaining to real property taxation, the City contrarily relies upon HRS § 232-16(d) and Rule 2(a) of the Rules of the Tax Court (RTAC) to argue that KV's Notices of Appeal would have been timely if postmarked on January 15 by an in-house postage machine.  In relying upon HRS § 232-16 and RTAC Rule 2(a) as the authorities that establish the timeliness of an appeal, the City undermines its argument that the tax court's jurisdiction as it relates to appeals from City real property tax assessments is determined by City ordinances.

section 3 of the Hawaiʻi Constitution would take effect two years after ratification, with an additional eleven-year transition period during which policies related to real property taxation would be uniform throughout the state.[19]

In 1980, pursuant to article XVIII, section 6 of the Hawaiʻi Constitution, the legislature passed House Bill (H.B.) 2193-80, enacted as Act 279 (1980) and codified as HRS Chapter 246A, to transfer real property taxation from the State to the counties.[20]  1980 Haw. Sess. Laws Act 279, § 6 at 533-36; State ex rel. Anzai v. City & Cty. of Honolulu, 99 Hawaiʻi 508, 511, 57

---

[19]     Article XVIII, section 6 provides in pertinent part as follows:

The amendment to Section 3 of Article VIII shall take effect on the first day of July after two full calendar years have elapsed following the ratification of such amendment [November 7, 1978]; provided that for a period of eleven years following such ratification, the policies and methods of assessing real property taxes shall be uniform throughout the State and shall be established by agreement of a majority of the political subdivisions.

[20]     HRS § 246A-1 (repealed) provided the purpose of the chapter as follows:

**Purpose.**  The legislature finds that section 3 of article VIII of the constitution of the State has been amended to provide that all functions, powers, and duties relating to the taxation of real property heretofore reserved to the State shall be exercised exclusively by the counties with the exception of the County of Kalawao.  It is the purpose of this chapter to provide for the orderly transfer of these functions, powers, and duties, including the transfer of personnel, records, and equipment to the counties.

HRS § 246A-1 (repealed by 2016 Haw. Sess. Laws Act 52, § 8 at 85-86).

P.3d 433, 436 (2002). Regarding appeals, Act 279, section 6 read as follows:

> The right of appeal from administrative actions or determinations as now provided by law shall not be impaired by this Act.
>
> Each of the counties shall by ordinance provide for appeals from assessments, denial of an exemption, or the denial of a dedication to the same extent and in accordance with the procedures prescribed in chapter 232, Hawaii Revised Statutes.

1980 Haw. Sess. Laws Act 279, § 6 at 536 (emphases added). Act 279 thus preserved then-existing rights of appeal, including the right to appeal to the tax court from a real property tax assessment. The right to appeal was found then, as it is today, in HRS § 232-16.

Separate and apart from the existing right of appeal to the tax court, the House Standing Committee Report on H.B. 2193-80 (Act 279) expressly noted that the constitution granted the counties authority to establish an appeals process by county ordinance, but the committee distinguished that appeals process from the existing tax court appeals procedure:

> [P]rovision has been made to provide that appeals from assessments, denial of exemptions, or denial of dedication may be made under an appeals process established by county ordinance or may be made to the appropriate state court as is now the law. It is the feeling of your Committee that the counties not only have the power to establish such an appeals process, but that they are mandated to do so by the provisions of this bill and the constitution transferring the real property tax function to the counties.

H. Stand. Comm. Rep. No. 422-80, in 1980 House Journal, at 1461.[21] The Committee thus appears to have envisioned the continuation of two forums for filing real property tax assessment appeals, with authority granted to the counties to establish boards of review to take initial appeals from real property tax assessments in place of existing state boards of review, and the tax court retaining ultimate appellate jurisdiction. In addition, comparing H.B. No. 2193-80 with its Senate companion bill, Senate Bill No. 2219-80, the Senate Standing Committee on Intergovernmental Relations noted the distinction between the forums for appeal: "Both [bills] permit appeals to the State court system in disputes." S. Stand. Comm. Rep. No. 824-80, in 1980 Senate Journal, at 1409. The committee reports indicate that the legislature did not consider the "functions, powers and duties relating to real property taxation" to include authority over the jurisdiction of the tax court as it relates to real property tax assessment appeals and that the committees intended the appellate jurisdiction of the tax court to continue as it did prior to the implementation of article VIII, section 3 of the Hawai'i Constitution.

---

[21] The City quotes this committee report in support of its argument that HRS § 246A-4 (Act 279, § 6) granted the City authority over the jurisdiction of the tax court as it relates to real property tax appeals.

The following year, the legislature enacted Act 78 (1981), which amended HRS § 246A-4 to clarify the transition process for real property tax appeals pending before the state boards of review and to allow for the boards' decisions to continue to be appealed to the tax court as provided in HRS Chapter 232.[22] Thus, after July 1, 1981, appeals from real property tax assessments could be made to the county-established boards of review or to the tax court pursuant to HRS § 246A-4 (repealed).[23] As stated, although the legislature provided for a transition from the state boards of review to the county-

---

[22] Act 78 amended HRS § 246A-4, Appeals, to read,

> The right of appeal from administrative actions or determinations as now provided by law shall not be impaired by this chapter.

> Each of the counties shall by ordinance provide for appeals from assessments, denial of an exemption, or the denial of a dedication.

> For purposes of this transfer, all appeals from the assessment of real property taxes made to the various boards of taxation review, all appeals from the denial of an exemption made to such boards, and every other appeal made to such boards prior to July 1, 1981, shall continue to be heard and decided by the board of taxation review for the taxation district in which the appeals have been made. The jurisdiction of all such boards to hear and decide the appeal shall extend and continue over such matters until decision is filed with the assessor as provided in section 232-7. Any such decision made by the board may be appealed to the tax appeal court as provided in chapter 232.

HRS § 246A-4 (repealed); see 1981 Haw. Sess. Laws Act 78, § 1 at 108-09.

[23] Act 78 also removed the requirement in Act 279 that the counties' provision of a right to appeal from assessments established by ordinance must be to the same extent and in accordance with HRS Chapter 232. 1981 Haw. Sess. Laws Act 78, § 1 at 108-09.

established boards of review, the legislature did not discuss or provide for a transition of control over the tax court's jurisdiction to the counties with respect to real property tax assessment appeals, indicating that such divesting of authority was not contemplated.[24]

At the end of the eleven-year transition period, the legislature enacted amendments to various statutory provisions to further facilitate the transfer of matters involving real property taxation to the counties. 1989 Haw. Sess. Laws Act 14, § 9 at 42. Act 14 amended HRS § 232-16(a) to read as follows:

> A taxpayer or county [may], in all cases, may appeal directly to the tax appeal court without appealing to [the] a state board of review, or any equivalent administrative body established by county ordinance, by filing on or before the date fixed by law for the taking of the appeal.

1989 Haw. Sess. Laws Act 14, § 9 at 42 (material to be deleted bracketed and additions underlined). Act 14 also made changes to other sections within HRS Chapter 232 to include references to an "equivalent administrative body established by county ordinance" and to state-established boards of review. See, e.g., 1989 Haw. Sess. Laws Act 14, §§ 10-11 at 43. As discussed, no provision was made or discussed for a transfer of control over the jurisdiction of the tax court as it relates to

---

[24] See S. Stand. Comm. Rep. No. 806, in 1981 Senate Journal, at 1257; H. Stand. Comm. Rep. No. 295, in 1981 House Journal, at 1061; H. Stand. Comm. Rep. No. 578, in 1981 House Journal, at 1179.

real property tax assessment appeals.  The same was true in 2011, when the legislature enacted Act 106 amending HRS § 232-16(a) to enable the counties to require a taxpayer to appeal a real property tax assessment to a county board of review prior to filing an appeal with the tax court.[25]  2011 Haw. Sess. Laws Act 106, § 1 at 277-78.

In 2016, the legislature further amended and repealed statutory provisions relating to real property taxation that were unnecessary or obsolete due to the constitutional transfer of real property taxation to the counties.  2016 Haw. Sess. Laws Act 52, § 1 at 87.  Among the provisions repealed was HRS § 246-46, which set forth the date for appeals of real property tax assessments to both the state boards of review and the tax court.[26]  2016 Haw. Sess. Laws Act 52, § 7 at 88.

Accordingly, the legislative history of the statutes implementing article VIII, section 3 of the Hawaiʻi Constitution

---

[25]    The purpose of H.B. 1532 (2011), subsequently enacted as Act 106, was to reduce the number of appeals to the tax court by requiring taxpayers to, if required by county ordinance, first appeal to the applicable county board of review for an initial decision from that body prior to appealing to the tax appeal court.  S. Stand. Comm. Rep. No. 888, in 2011 Senate Journal, at 1160.

[26]    HRS § 246-46 (repealed) provided in pertinent part as follows:

> Any taxpayer who may deem oneself aggrieved by an assessment made by the assessor or by the assessor's refusal to allow any exemption, may appeal from the assessment or from such refusal to a board of review or the tax appeal court, on or before April 9 preceding the tax year, as provided in chapter 232.

does not indicate that authority over the jurisdiction of the tax court was granted to the counties. A review of our caselaw leads to a similar conclusion.

In University of Hawaiʻi v. City & County of Honolulu, this court held that counties require statutory authority to expand the jurisdiction of the tax court. See 102 Hawaiʻi at 444-45, 77 P.3d at 482-83. We concluded that the University of Hawaiʻi did not have standing to appeal from a real property tax assessment as an "owner" of the assessed property, pursuant to ROH § 8-12.1 (1987), because ROH § 8-12.1 expanded the right of appeal beyond that provided for by the ordinance's enabling statute, HRS § 232-16 (2003).[27] Id. at 441, 77 P.3d at 479. In our analysis, we stated that because the right to appeal a tax assessment is purely statutory, "whether a person challenging an assessment bears such a relation to the real property being assessed as to entitle that person the right to appeal is determined by the applicable statutes." Id. at 444, 77 P.3d at 482 (quoting Maile Sky Court Co. v. City & Cty. of Honolulu, 85 Hawaiʻi 36, 39, 936 P.2d 672, 675 (1997)). Thus, while "the

_____

[27] The ordinance in question, ROH § 8-12.1 (1987), provided in pertinent part that "[a]ny taxpayer or owner . . . may appeal the assessment . . . . to the board of review or tax appeal court pursuant to HRS Section 232-16." HRS § 232-16 (2001), however, only extended the right to appeal to a taxpayer or county. Univ. of Haw., 102 Hawaiʻi at 441 n.1, 77 P.3d at 479 n.1 (citing HRS § 232-16 (2001)).

exclusive taxation authority of the State director over real property was turned over to the counties under an amendment to the Hawaiʻi Constitution . . . the authority to oversee and create laws for tax appeals remains with the State director." Id. at 445 n.12, 77 P.3d at 483 n.12. Accordingly, absent statutory authority, the City could not expand to an "owner" the right of appeal to the tax court from a real property tax assessment pursuant to HRS § 232-16. See id. at 444-45, 77 P.3d at 482-83.

In ruling upon the City's Motion, the tax court relied on our holding in Anzai as "providing or recognizing the superiority of the counties' interest in real property tax." In Anzai, this court upheld a county ordinance that removed an exemption from taxation of real property leased to the State if the lease terms required the State to pay taxes on the leased property (the Exemption). 99 Hawaiʻi at 510-13, 57 P.3d at 435-38. We found that the State impermissibly infringed on the county's constitutional authority by enacting a statute requiring the county to maintain the Exemption for the 1996-97 tax year. Id. at 520-22, 57 P.3d at 445-47. HRS § 246A-2(2), which required the counties to maintain uniform exemptions during the eleven-year transfer of power, had lapsed, we noted, when the county enacted its ordinance removing the Exemption and

thus, based on the facts of the case, the county ordinance controlled over the state statute. Id. at 520-21, 57 P.3d at 445-46. We stated,

> Simply put, the Constitution obligated the County to maintain the Exemption for eleven years, after which period the County was free to exercise its exclusive authority to increase, diminish, enact, or repeal any exemptions involving real property taxes without interference by the legislature. To argue, as the State does, that the Exemption is a matter of statewide concern is to ignore the fact that the framers of the amendment clearly understood real property taxation powers, including the power to create or repeal exemptions, as matters of local concern.

Id. at 521, 57 P.3d at 446. In rejecting the State's argument that the Exemption was a matter of statewide concern, this court pointed to the amendment's constitutional history, which demonstrated the framers' clear intent that exemptions were a matter of local concern included in the transfer of real property taxation power. Id. at 521-22, 57 P.3d at 446-47. Here, however, the constitutional history of the amendment does not demonstrate a clear intent on the part of the framers to transfer to the counties control over the jurisdiction of the statewide tax court as it relates to real property tax assessment appeals.

Taken together, under a plain meaning reading of applicable constitutional provisions; the constitutional history of article VIII, section 3 of the Hawai'i Constitution; the legislative history of its implementing legislation; and relevant caselaw, article VIII, section 3 of the Hawai'i

Constitution does not grant the counties authority to restrict or expand the tax court's jurisdiction.  This authority is reserved to the State as a function of the legislative power to enact laws of statewide concern.  Thus, the City does not have the constitutional authority to negate via ordinance the statutory weekend rule as it applies to the tax court's jurisdiction, and KV's Notices of Appeal were therefore timely filed.[28]

## V.    CONCLUSION

Based on the foregoing, the tax court's May 30, 2017 order granting the City Council of the City and County of Honolulu's motion to dismiss or in the alternative, motion for

---

[28]    It is noted that if this court interpreted article VIII, section 3 of the Hawaiʻi Constitution to grant counties control over the procedure of the tax court, such an interpretation would require the state tax court to potentially have four sets of internal procedures to govern each county's appeals.  Any county could change its ordinances at any time, creating procedural confusion in the court and requiring the tax court to interpret county ordinances that would control state court procedural rules.  This would be contrary to the statewide jurisdiction of the tax court and this court's authority to make rules relating to the tax court's procedure pursuant to HRS § 232-14 and article VI, section 7 of the Hawaiʻi Constitution.

Additionally, if, as the City purports, the "functions, powers and duties relating to the taxation of real property" conferred on the counties included those related to the tax court, then the "functions, powers and duties" of the tax court could only be exercised "exclusively" by the counties.  Thus, the tax court could not function in accordance with HRS Chapter 232, the Rules of the Tax Court, and other applicable rules promulgated by this court.  Further, the historical use of the tax court as a forum for appeals of real property tax assessments would be unconstitutional because the functions, powers, and duties of the tax court were not "exclusively" exercised by the counties.  This court construes legislation to avoid illogical, impractical, and absurd results.  See Morgan v. Planning Dep't, Cty. of Kauai, 104 Hawaiʻi 173, 185, 86 P.3d 982, 994 (2004).

summary judgment is vacated, and the case is remanded to the tax court for further proceedings to consider the merits of the tax assessment appeals.

| | |
|---|---|
| Frederick W. Rohlfing III | /s/ Mark E. Recktenwald |
| Nancy J. Youngren | |
| Lisa K. Johnson | /s/ Paula A. Nakayama |
| for petitioner | |
| | /s/ Sabrina S. McKenna |
| Lee M. Agsalud | |
| Karen K. Lee | /s/ Richard W. Pollack |
| for respondent | |
| | /s/ Michael D. Wilson |
| Clyde J. Wadsworth | |
| Ewan C. Rayner | |
| for amicus curiae, | |
| State of Hawaiʻi | |

